**AMERICAN PRESIDENT LINES, LTD.,**
**Libelant,**

v.

**UNITED STATES of America,**
**Respondent.**

United States District Court
S. D. New York.

Aug. 15, 1960.

Symmers, Fish, Warner & Nicol, New York City, for libelant.

Paul W. Williams, U. S. Atty., for respondent appearing specially; Benjamin H. Berman, New York City, Atty. in Charge, N. Y. Office, William H. Postner, Atty., Admiralty and Shipping Section Dept. of Justice, Washington, D. C., of counsel.

CASHIN, District Judge.

Decision on this motion has been withheld in the hope that an authoritative holding in the case of United States v. American-Foreign Steamship Corp., 80 S.Ct. 1336, would be dispositive thereof. However, the Supreme Court decision just mentioned, and its remand to the Court of Appeals for the Second Circuit, leave the question still in doubt. Libelant has argued that even if the final decision in the American-Foreign Steamship Corp. case is adverse to it, nevertheless, it will prevail on the issue involved herein since the instant case is distinguishable. I have reviewed the entire file and find the libelant's position sound.

Considered herein are exceptions and exceptive allegations to the libel. The complaint sets out eight claims in contract for various moneys claimed to be due under various charter parties. While the complaint is framed as if one claim is stated, actually the items demanded, as set out in a Schedule to the complaint, arise out of entirely different transactions. The exceptions and exceptive allegations are addressed to Items 2, 7 and 8 of the Schedule. Libelant concedes the validity of the respondent's position with respect to Item 2. There remains for consideration, therefore, only Items 7 and 8. These claims arose as follows:

The United States, acting through the Maritime Administration, bareboat chartered two vessels, the SS Arcadia Victory and the SS Lakeland Victory, to the libelant. Libelant, in turn, time chartered the vessels to the United States acting through the Military Sea Transportation Service. Under these latter charter parties the United States, as time charterer, had the election of performing

redelivery repairs itself or of redelivering the vessel to libelant without such repairs being made. If the latter option was exercised, the United States was to pay to libelant "a sum to be agreed upon between the Owner [libelant] and the Contracting Officer representing the estimated cost of performing such work and pay the Owner, as additional charter hire, a further sum to be agreed upon between the Owner and the Contracting Officer, such amount to represent charter hire for the time estimated to be necessary to perform such work less any estimated savings the Owner would have been able to effect during such time." In both instances, the United States elected to redeliver to libelant without itself effecting the redelivery repairs. The repairs were then effected by libelant and the vessels redelivered to the Maritime Administration. In the case of SS Arcadia Victory, redelivery under the time charter was made on April 10, 1952 and redelivery under the bareboat charter on April 12, 1952. In the case of the SS Lakeland Victory, redelivery under the time charter was made on February 14, 1952 and redelivery under the bareboat charter on February 19, 1952. Negotiations toward agreement on costs to be paid by respondent to libelant under the clause of the time charter quoted above continued until 1956 and were finally culminated by amendments to the charter parties. The amendment in the case of the SS Arcadia Victory was dated February 23, 1956 and in the case of the SS Lakeland Victory February 20, 1956. The action was instituted on September 6, 1956. By the exceptions and exceptive allegations respondent seeks a ruling that the action is time-barred.

The statute under which the action is brought is the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. An action under this Act must be brought within two years of the time the action arose. 46 U.S.C.A. § 745. It is clear that more than two years elapsed between the time when the repairs were made and the vessels redelivered and the institution of suit. It is equally clear that less than two years elapsed between the execution of the amendments to the charter parties reflecting the agreement of the parties as to cost and the institution of suit. Thus, if the running of the statutory time for commencement of suit is to be computed from the time the repairs were made, the action is time-barred. If the commencement date of the time computation is the date of the execution of the amendments, the action is timely.

At first blush it would appear that the presently authoritative Second Circuit cases (Sword Line, Inc. v. United States, 228 F.2d 344, 230 F.2d 75, affirmed as to admiralty jurisdiction, 351 U.S. 976, 76 S.Ct. 1047, 100 L.Ed. 1493; American Eastern Corp. v. United States, 231 F.2d 664; American-Foreign Steamship Corp. v. United States, 265 F.2d 136, 142, but see, same case 265 F.2d 136, 144) favor the Government. This is so since in those cases it was held that the time for commencing suit under charter parties with the Government is computed at the latest from the time the vessels are redelivered. The rationale of the cases is that all services had at that time been performed so that suit could be commenced. This result obtained even though at the redelivery date the exact amount due to the charterer was not known. In those cases, however, all that was necessary to determine the amount due was computation, albeit complex and time consuming computation. The amount due, however, was at least in the abstract, fixed at the time of redelivery.

Here, however, a completely different situation exists. No amount of computation could fix the amount due upon redelivery. The terms of the charter parties provided for the amount to be fixed by agreement. Until such agreement was made, or at least until an amount was fixed unilaterally by the Contracting Officer, suit could not be maintained by the libelant. Under these circumstances, the statutory period for commencement of suit began running on the date the amendments were executed and the suit is timely filed.

The exceptions and exceptive allegations as to Item 2 of Schedule A to the complaint are sustained, and as to Items 7 and 8 of Schedule A, they are overruled.

It is so ordered.